## Richmond.

LEE v. HILL.

MAY 10th, 1888.

Absent, Richardson, J.

EMPLOYER AND EMPLOYEE—*Discharge—Special damage.*—In action of trespass on the case by employee against his employer for a wrongful discharge, declaration makes no averment of malice or of special damage beyond loss of employment and wages, evidence of special damage to character by reason of the discharge, is irrelevant and inadmissible.

Error to judgment of circuit court of Danville, rendered January 22d, 1887, in an action of trespass on the case wherein J. J. Hill is plaintiff, and Thomas J. Lee is defendant. The object of the action is to recover damages for an alleged wrongful discharge of the plaintiff by the defendant, who had employed him for a year at $100 a month. Verdict was for plaintiff for $800 damages. Defendant moved to set aside the verdict as contrary to the law and evidence, and because of the admission of illegal evidence, etc. The court overruled the motion and entered judgment according to the verdict. To this ruling the defendant excepted, and the evidence being certified, brought the case here on error and *supersedeas.* Opinion states additional facts.

*Withers & Barksdale,* for the plaintiff in error.

*Peatross & Harris,* for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

On the 2d day of December, 1886, J. J. Hill instituted in the circuit court of Danville, an action of trespass on the case against Thomas J. Lee, for damages for an alleged wrongful discharge of the said Hill by the said Lee, as employee. The declaration sets out that on the 1st of October, 1886, the said Thomas J. Lee, who was a tobacco warehouseman in the town of Danville, employed the said J. J. Hill to serve him as canvasser and solicitor for patronage for his warehouse for one year, at a salary of $100 per month, whereby and by reason of the said contract and agreement with the said plaintiff upon the part of the said defendant it became the duty of and obligatory upon the said defendant to employ and retain in his service the said plaintiff for the said period of twelve months from the said first day of October, 1886, at said price and salary of $100 per month as aforesaid. And the said plaintiff avers that he did enter into said service, and after he had entered the service of the said defendant under the said contract and agreement with him as aforesaid, to-wit: on the — day of October, 1886, although the said plaintiff was at all times ready and willing and offered to serve said defendant as solicitor and canvasser, or in any other capacity, in the general conduct and management of his tobacco warehouse business, and was willing and offered to comply in all and every respect with the terms of said contract between himself and said Thomas J. Lee, defendant, the said defendant, disregarding his duty and obligation in the premises, without any reasonable or legal cause or excuse whatever, and against the will of the said plaintiff, discharged said plaintiff from his service and employment, and refused and declined to allow said plaintiff to remain longer in his employment and service, whereby said plaintiff has been injured and has sustained damage to the amount of $2,500, etc.

The defendant pleaded the general issue. The cause was

tried, and the jury rendered a verdict against the defendant for $800. Whereupon the defendant moved the court to set the verdict aside and grant him a new trial upon the grounds of the admission of improper evidence; because the damages were excessive; and because the verdict was contrary to the law and the evidence; and because the contract proven was a verbal contract, made on the 8th or 12th of August, 1886, to commence on the 1st of October, 1886, and continue for one year; and was, therefore, within the statute of frauds, not enforcible, and from which no legal duty or obligation could arise; which motion the court overruled, and entered up judgment upon the verdict against the appellant.

The form of the action is *in tort;* but the declaration sets out a contract, and alleges only a breach of contract, and *ad damnum* or general claim of damage at the end of the declaration for that breach of contract, while the proof is of a verbal contract made on the 12th of August, 1886, to commence October 1, 1886, and continue one year to October, 1887. There was no written evidence or memorandum of any kind of the said alleged contract.

But the declaration contains no averment or allegation of malice, or of special damage by loss of character, or otherwise; and claims only the damage necessarily resulting from the breach of the contract; and it does not allege that the breach of the said contract by the arbitrary and wrongful discharge of the plaintiff from service had caused or inflicted any injury or damage upon him except the loss of position and wages. It does not *necessarily* follow, that, because an employee is discharged, even wrongfully and without just or reasonable cause, he has or will suffer any loss or injury thereby, except the loss of the benefit of his contract for service; and therefore, under a mere general or *ad damnum* claim of damage, he cannot recover special damage for loss of character, or any otherwise, beyond compensation for the loss of his contract. The law does not imply special damage; and to prevent a surprise on

the defendant who has pleaded the general issue, merely, to a declaration which does not aver special damage in anywise, the plaintiff will not be permitted to give evidence of special damage upon the trial. 2 Greenleaf's Evidence, title damages, sec. 224; 1 Chitty Plead., 397; Parsons on Contracts, 176; 2 Add. Torts, (Wood's Notes,) sec. 1339, note 1; *Donnell* v. *Jones,* 13 Ala., 49, (48 Amer. Decis., 60–69); *Loving* v. *Colder,* 8 Penn., 479, (49 Amer. Decis., 533); Wood's Mayne on Damages, sec. 751. However meritorious the claim of the plaintiff may be to special damages, other than the mere loss of employment and wages, he cannot recover them under a declaration which does not allege them. In the case under review, the plaintiff was his own witness upon the trial to prove his special damage by loss of character in his business; and, against the objection of the defendant, in due time and form, he was allowed to testify to the jury as to the special injury he had suffered in character by the simple fact of his discharge from service, which was improper evidence under the pleadings; and for this error, the verdict will be set aside and the judgment of the court below reversed and annulled, and the case remanded for a new trial. This result, here, renders it unnecessary to decide the other error assigned, as to the defence of the statute of frauds being refused by the court because not formally pleaded *before verdict;* as, upon the new trial, the pleadings will be amendable at the election of the parties.

JUDGMENT REVERSED.